# EXHIBIT 1

## SUMMONS

Attorney(s) _Edward B. Geller, Esq._

Office Address _15 Landing Way_

Town, State, Zip Code _Bronx, New York  10464_

Telephone Number _914-473-6783_

Attorney(s) for Plaintiff _Alex Kapanadze_

---

_Alex Kapanadze_

Plaintiff(s)

vs.

_J.P. Morgan Chase & Co. and Allied_

_Interstate, LLC,_

Defendant(s)

**Superior Court of New Jersey**

_Ocean_ County

_Law_ Division

Docket No: **2765 - 17**

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: _10/01/2017_

Name of Defendant to Be Served: _J.P. Morgan Chase & Co. and Allied Interstate, LLC_

Address of Defendant to Be Served: _J.P.: 270 Park Avenue, New York, NY 10017; Allied: 7252 W. Campus Rd.,_

_New Albany, OH 43054_

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Allied Interstate LLC - 30 October 2017 15:39

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
|  | **CIVIL CASE INFORMATION STATEMENT (CIS)** Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c),** If information above the black bar is not completed or attorney's signature is not affixed | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME Edward B. Geller, Esq. | TELEPHONE NUMBER (914) 473-6783 | COUNTY OF VENUE Ocean County |
|---|---|---|
| FIRM NAME (if applicable) Edward B. Geller, Esq., P.C. | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS 15 Landing Way Bronx, New York 10464 | | DOCUMENT TYPE COMPLAINT |
| | | JURY DEMAND ☐ YES ☒ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Alex Kapanadze, Plaintiff | CAPTION Alex Kapanadze v. J.P. Morgan Chase & Co., and Allied Interstate, LLC, |
|---|---|

| CASE TYPE NUMBER (See reverse side for listing) 999 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category ☐ Putative Class Action ☐ Title 59

EDWARD B. GELLER, ESQ., P.C.
ATTORNEY FOR PLAINTIFF
ATTORNEY I.D.: 018841986
15 LANDING WAY
BRONX, NEW YORK 10464
TEL:(914)473-6783

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, OCEAN COUNTY

ALEX KAPANADZE,

DOCKET No.:

Plaintiff,

-against-

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

JP MORGAN CHASE & CO. and
ALLIED INTERSTATE, LLC,

Defendants.

————————————————————X

Plaintiff, ALEX KAPANADZE ("Plaintiff"), on behalf of himself, by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendants, JP MORGAN CHASE & CO, and ALLIED INTERSTATE, LLC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) under Title 47 of the United States Code. §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.     Defendants are subject to, and required to abide by, the laws of the United States and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3.     Plaintiff ALEX KAPANADZE is a resident of the State of New Jersey, residing at 1171 Evergreen Ave, Lakewood, New Jersey 08701.

4.     Defendant JP MORGAN CHASE & CO. has an address at 270 Park Avenue, New York.

5.     Defendant ALLIED INTERSTATE, LLC, has an office at 7252 W. CAMPUS Rd., New Albany, OH, 43054.

## FACTUAL ALLEGATIONS

6.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7.     Prior to December 11, 2015, the Defendant J.P. MORGAN CHASE & CO. began communicating with Plaintiff by telephone calls placed by means of an auto dialer to Plaintiff's mobile telephone numbers of 848 224 5530 and 848 224 5525 and leaving prerecorded computerized messages.

Allied Interstate LLC - 30 October 2017 15:39

8. On December 11, 2015 Plaintiff placed a telephone call to Defendant CHASE and spoke to a representative who identified himself as "Rob," to whom Plaintiff instructed that Defendant cease contacting him by auto dialer and that he only receive calls from a live person.

9. The Defendant CHASE thereafter continued to call the Plaintiff directly, placing approximately sixty (60) calls with an auto dialer.

10. Thereafter the Defendant CHASE assigned to Defendant ALLIED INTERSTATE, LLC (hereinafter referred to as "ALLIED"), the responsibility of collecting an alleged debt on its behalf.

11. The Defendant ALLIED thereafter implemented an autodialer to contact the Plaintiff without permission. The Defendant CHASE was and is aware that their agent ALLIED uses an autodialer to contact their customers.

12. Thereafter, the Defendant ALLIED called the Plaintiff with an autodialer at least five hundred (500) times.

## FIRST CAUSE OF ACTION
### (Violations of the TCPA)

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-

recorded voice— (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges.  See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be 'charged for' the calls in order to have standing to sue."  In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase 'any service for which the called party is charged for the call' requires that the party be charged per call for the "paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service" in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading 'any service for which the called party is charged for the call' as an additional item beyond any call to a 'paging service, cellular telephone service,

specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

15. In *Ossola v. American Express Company*, No. 1:2013cv04836 - Document 331 (N.D. Ill. 2015) the District Judge in Illinois held that, "the primary creditor may be held directly liable under the TCPA...whether American Express itself actually placed the calls at issue is irrelevant." In that particular case American express placed an account with a debt collector, West Asset Management, to collect on an alleged debt, exactly as in the present case.

16. The 9th Circuit in *Gomez v. Campbell-Ewald* spoke on the issue of vicarious liability. In *Gomez*, Plaintiff alleged that Defendant and marketer Campbell-Ewald instructed or allowed a third party vendor to send unsolicited text messages on behalf of the U.S. Navy, and that the Plaintiff was contacted without consent. The 9th Circuit held the Defendant vicariously liable for TCPA violations of another where the Plaintiff established an agency relationship, as defined by federal common law, between the Defendant and a third party. The Court agreed with the FCC that federal common law of vicarious liability applies to TCPA section 227(b) and 227(c) claims.

17. Defendant JP MORGAN & CO. is vicariously liable for the direct illegal calls of itself and for the illegal automated calls of Defendant Allied Interstate, LLC. Defendant Allied Interstate, LLC is directly liable for its unauthorized and illegal calls to the Plaintiff.

18.     As a result of Defendants' violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA in the amount of $1500 per call for a total of $750,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Defendants as follows:

A.     For actual damages provided and pursuant to 47 U.S.C. Section 227;

B.     For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

C.     For statutory damages provided and pursuant to 47 USC Section 227;

D.     A declaration that the Defendant's practices violated the TCPA;

E.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     September 28, 2016

Respectfully submitted,

EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL TO
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK 10464
TEL:(914)473-6783

*Attorney for the Plaintiff* ALEX KAPANADZE

Allied Interstate LLC - 30 October 2017 15:39